J-S19018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PERRY  BURRIS | |
| Appellant | No. 3259 EDA 2014 |

Appeal from the PCRA Order entered October 31, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000712-2008

BEFORE:  BENDER, P.J.E., STABILE,and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 13, 2016**

Appellant Perry Burris *pro se* appeals from the October 31, 2014 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), dismissing his petition for collateral relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history underlying this case are undisputed. As summarized by the PCRA court:

> In the early morning hours of September 24, 2007, [Appellant], who was intoxicated at the time, rang the doorbell of the victim, whom he had previously unsuccessfully approached for date.  When the victim answered the door, [Appellant] forced the victim back into her home, punched her repeatedly in the face, and forced her to take off her clothes. [Appellant] proceeded to perform oral sex on the victim and then anally raped her, which caused the victim to defecate on herself. [Appellant] then forced the victim to shower, after which he vaginally raped her.  During all of these heinous and terrifying acts, [Appellant] repeatedly told the victim that he would kill her once he was finished with her.  Appellant also stole rent money from the victim's home.  Eventually the victim was able to

> escape when a friend came to her front door and she ran out of her home and found police.

PCRA Court's Rule 1925(a) Opinion, 6/30/15, at 3 (internal record citation omitted). On September 17, 2008, Appellant was convicted by bench trial of rape, involuntary deviate sexual intercourse, sexual assault, simple assault, robbery, and burglary in connection with the September 24, 2007 incident.[1] On November 13, 2008, the trial court sentenced Appellant to three consecutive terms of 10 to 20 years' imprisonment for convictions for rape, robbery, and burglary, resulting in an aggregate sentence of 30 to 60 years' imprisonment. Appellant appealed his judgment of sentence, which this Court affirmed. **See Commonwealth v. Burris**, 4 A.3d 678 (Pa. Super. 2010) (unpublished memorandum).

Thereafter, on July 23, 2010, Appellant timely filed a PCRA petition, which is the subject of this appeal. The PCRA court appointed counsel who amended the petition. On June 12, 2014, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. On October 31, 2014, the PCRA court dismissed Appellant's PCRA petition. Appellant appealed to this Court. After filing the appeal, a **Grazier**[2] hearing was held following which Appellant was permitted to

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 3124.1, 2701, 3701(a)(1), and 3502(a), respectively.

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

proceed *pro se*. Appellant then filed a *pro se* Rule 1925(b) statement, raising the following five assertions of error:

1. Trial counsel was ineffective for stipulating to exculpatory DNA evidence crucial to [Appellant's] defense of consent by the alleged victim.

2. Trial counsel was ineffective for providing incorrect legal advice as to PA rules of evidence and statutory effect on [Appellant's] right to testify on his own behalf.

3. Direct appeal counsel was ineffective for failing to investigate Appellant's claim and abandoning Appellant through an *Anders*[3] brief.

4. Collateral appeal counsel was ineffective for failing to motion the [trial] court for performance of DNA testing that is related to the investigation and prosecution that resulted in the judgment of conviction in accordance with 42 Pa.C.S.A. § 9543.1 Post Conviction DNA testing.

5. The prosecutor committed gross misconduct by initiating an agreement between himself and trial counsel to stipulate to exculpatory DNA evidence.

Appellant's Rule 1925(b) Statement, 3/2/15. In response, the PCRA court issued a Pa.R.A.P 1925(a) opinion.

On appeal,[4] Appellant repeats the same five issues for our review.[5] Preliminarily, we observe that Appellant's first, and third issues are waived because he failed to preserve them for appeal. As the PCRA court aptly found, Appellant failed to raise these issues in his PCRA petition and raised

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

[4] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (quoting *Commonwealth v. Rainey*, 928 A.2d 215, 223 (Pa. 2007)).

[5] The Commonwealth failed to file an appellate brief in this case.

them for the first time in his Rule 1925(b) statement. PCRA Court's Rule 1925(a) Opinion, 6/30/15, at 4, 6-7; *see* Pa.R.A.P. 302(a); Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Melendez–Rodriguez*, 856 A.2d 1278, 1287 (Pa. Super. 2004) (*en banc*) (holding issues raised for first time in 1925(b) statement waived); *accord Commonwealth. v. Tejada*, 107 A.3d 788, 790 (Pa. Super. 2015); *see also Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super. 2011) ("It is well-settled that issues not raised in a PCRA petition cannot be considered on appeal.") (internal quotation marks and citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011).

Appellant's fourth issue that his PCRA counsel was ineffective is also waived as he raised it for the first time on appeal. We recently held that allegations of PCRA counsel's ineffectiveness cannot be brought for the first time on a PCRA appeal. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Finally, Appellant's fifth issue concerning prosecutorial misconduct is waived because he could have raised it prior to conviction. Indeed, under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal[,] or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b); *see Commonwealth v. Ford*, 809 A.2d 325, 329 (Pa. 2002) (holding that petitioner's claims of trial court error, constitutional error, and prosecutorial misconduct, which could have been raised on direct appeal but were not, were waived under the PCRA).

We now turn to Appellant's sole remaining issue on appeal, *i.e.*, whether the trial counsel was ineffective in his provision of legal advice. Appellant claims that trial counsel provided incorrect legal advice on rules of evidence and on Appellant's right to testify on his own behalf.

A PCRA petitioner is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of the "***Pierce***[6] test," or the claim fails." ***Id.***

Instantly, despite Appellant's argument that his ineffectiveness claims meet the arguable merit prong of the ***Pierce*** test, his brief is bereft of any discussion or argument with respect to the reasonable basis and prejudice prongs of the ***Pierce*** test. As we recently emphasized, "[a] petitioner must prove all three factors of the ***Pierce*** test, or the [ineffectiveness] claim fails. In addition, on appeal, a petitioner ***must adequately discuss all three factors*** of the ***Pierce*** test, or the appellate court will reject the claim."

---

[6] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987).

*Reyes-Rodriguez*, 111 A.3d at 780 (emphasis added) (citing *Fears*, 86 A.3d at 804)). Thus, given Appellant's failure to adequately discuss the reasonable basis and prejudice prongs on appeal, we reject his ineffectiveness claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2016